Percy D. Stoddart, J.
By order to show cause the plaintiffs pray for an order of this court vacating and setting aside the sale of a boat and for a return of the boat to the plaintiffs. The order to show cause also contained a stay of the sale which was scheduled by the defendant for October 6, 1956.
The papers submitted reveal that no sale of the boat, an Owens Cabin Cruiser, Model 6208, has been held.
The question to be decided is: Should the court continue the stay of the sale and direct a return of the boat?
The plaintiffs submit only a copy of the complaint and a brief affidavit of one of the plaintiffs in support of the application. In the affidavit, Harold Gfraham avers that (1) the defendant has not complied with the law requiring a resale of a chattel repossessed under a conditional sales contract where more than 50% of the purchase price has been paid, and (2) the plaintiffs have tendered all arrears of payments in default within the statutory period.
Although neither party submits a copy of the conditional sales contract, the defendant’s recitation of certain pertinent provisions is not contradicted by the plaintiffs, nor do they deny the violation of the provision forbidding the plaintiffs as buyers from mortgaging or encumbering the chattels, with the authorization vested in the seller upon such violation to seize the chattel, declare all amounts due, sell the chattel at a public or private sale and apply the proceeds of the sale to the unpaid balance after deducting expenses of retaking, storage charges and attorney’s fees.
The defendant by its Exhibit “B ” satisfies the court that the plaintiffs in violation of the conditional sales agreement conveyed their interest in the boat to the Warburton Paint and Wallpaper Co., Inc., which in turn gave a chattel mortgage on said chattel to the H. M. B. Enterprises, Inc., a Connecticut corporation, on April 20, 1956 several months prior to the retaking of the chattel by the defendant.
In addition to said act being in violation of an express provision of the sales agreement, it was in violation of section 73 of the Personal Property Law. That statute also permits the seller to retake possession “ and deal with them as in a case of default in payment of part or all of the purchase price ” (italics supplied).
The papers also reveal that the actual price of the boat, together with insurance and interest charges, ■ was $5,921.80 *650 and that $2,730.70 was paid. Therefore, as less than 50% of the purchase price was paid and no notice to sell was served by the plaintiffs the resale provisions of sections 79 and 80 of the Personal Property Law are not applicable.
After the boat was retaken the plaintiffs merely tendered to the defendant the four monthy installments which allegedly were in arrears prior to the retaking. The contention of the plaintiffs is that no notice of default was given at least five days prior to the retaking and, therefore, the expense of retaking, keeping and storage of the boat were by section 78 of the Personal Property Law improperly included in the amount due. The papers disclose to the satisfaction of the court that the tender was not made within the 10 days provided by section 78 and that notice of the plaintiffs’ default had been given more than five days before the retaking. Therefore, the plaintiffs did not make a tender within the statutory period or even tender the amount due on the basis of a default in four monthly installments. However, as stated earlier, upon discovery of the plaintiffs ’ breach of the contract as to the selling or encumbering of the chattel without notice to or permission of the defendant, the defendant had the right to and did declare all amounts or installments due. The tender to be considered under section 78 would therefore have to be of all amounts due, plus the expense of retaking, keeping and storage of the boat.
Accordingly, as the tender was insufficient and as a compulsory resale within the provisions of section 79 of the Personal Property Law was not required, the application is denied and the stay contained in the order to show cause is vacated.
Settle order on notice.